## K. MATUSAKE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

No. 4665.

**1. Criminal law ☞1136.**

Defendant, who throughout trial denied control of premises searched, *held* not entitled to question in appellate court validity of search warrant or admissibility of evidence disclosed by search.

**2. Criminal law ☞1137(5).**

Defendant, himself offering in evidence paper taken from his person at time of arrest, cannot complain of such use.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

K. Matusake was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Adam Beeler and A. G. McBride, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. [1, 2] This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. § 10138¼ et seq.). There are but three assignments of error—the first, based on an order denying a motion to suppress evidence and quash a search warrant; the second, on the admission in evidence of property seized under the search warrant; and the third, on an order denying a motion for a new trial. The questions thus presented are wholly without merit. It appears from the record that the plaintiff in error throughout the trial denied that he had possession or control of the premises searched, and, if so, his constitutional rights were not invaded, and he is in no position to question either the validity of the warrant or the legality of the search. For the like reason the liquor found upon the search was properly admitted in evidence. Some reference is made to a paper taken from the person of the plaintiff in error upon his arrest, but the record further shows that this paper was offered in evidence by the plaintiff in error, and not by the government. No new question was raised or presented by the motion for a new trial.

Judgment affirmed.